COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


WILLIE DERWOOD DILLARD

                                  MEMORANDUM OPINION* BY
v.    Record No. 0679-02-1       JUDGE RICHARD S. BRAY
                                       APRIL 8, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Jerome James, Judge

            Brett D. Lucas (Gabriel & Associates, P.C.,
            on briefs), for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Willie Derwood Dillard, defendant, was convicted by the trial

court upon his plea of guilty to indictments charging that he "did

feloniously and maliciously shoot at an . . . occupied dwelling,"

the related use of a firearm and aggravated malicious wounding.

Defendant contends the court unconstitutionally denied

post-conviction motions to permit both withdrawal of his counsel

and the guilty pleas.  Finding no error, we affirm the trial

court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Background

On October 9, 2001, defendant appeared before the trial court, accompanied by retained counsel, and entered Alford pleas of guilty to the several indictments. See North Carolina v. Alford, 400 U.S. 25 (1970). The court engaged defendant in the customary colloquy, and the Commonwealth then proceeded, without objection, to summarize the evidence. The court thereafter conducted a further colloquy with defendant, during which he acknowledged the summary "would have been the Commonwealth's evidence" and confirmed a written plea agreement with the Commonwealth, executed by him with the advice and counsel of his attorney. Determining the "Alford guilty pleas . . . freely, voluntarily and intelligently entered," the court proceeded to find defendant guilty of the offenses and scheduled sentencing for December 14, 2001.

Post-conviction, on November 6, 2001, the defense attorney moved the court for "leave to withdraw as counsel," citing an unspecified "conflict of interest," and, additionally, to "allow the withdrawal of [defendant's] guilty plea [sic]." During a hearing on the motion to withdraw as counsel, conducted on November 26, 2001, counsel represented to the court that, after numerous meetings with defendant, "we . . . negotiated" the plea agreement. However, when defendant subsequently decided to withdraw the attendant Alford pleas, counsel found himself

-

"conflicted" and convinced "another attorney could represent [defendant] better" on the pending motion to withdraw the pleas. Counsel further proffered to the court that defendant, "feel[ing] misled" by his advice relative to an unspecified suppression motion and "misinformed" with respect to his right to a jury trial, had accused him of acting "unethically." Confronted with a "radically different" view of the case, counsel declared, "I can't help [defendant] any further."[1]

Upon consideration of the motion and arguments, including related objections of the Commonwealth, the court concluded that counsel "was in the best position to argue the [pending] motion" to withdraw the guilty pleas and denied the motion to withdraw, "at this point in time."

On December 10, 2001, the court conducted a hearing on the remaining motion to withdraw the Alford pleas. Defendant then testified, asserting he was "pressured" into entering the pleas by the advice of "the deputies" and counsel that the plea agreement was in his best interest. However, defendant also acknowledged his earlier assurances to the court during the colloquies that he had not been pressured or coerced into the

---

[1] Neither counsel nor defendant offered to present evidence at the hearing, relying, instead, upon the representations of counsel.

pleas, was satisfied with the services of counsel and had truthfully answered the court's inquiries.

## Analysis

Defendant contends his Sixth Amendment right to a counsel of choice was violated when the trial court denied the attorney's motion to withdraw. Defendant reasons that, because counsel had advised him to enter the Alford pleas, it was now "impossible" for the attorney to effectively pursue withdrawal of the pleas without "prejudicing" himself, a patent "conflict of interests."

A motion for withdrawal of counsel is addressed to the sound discretion of the trial court. Payne v. Commonwealth, 233 Va. 460, 473, 357 S.E.2d 500, 508 (1987). However, the Sixth Amendment to the United States Constitution guarantees an accused the effective assistance of counsel, which includes the right to representation free from conflicts of interest. See Cuyler v. Sullivan, 446 U.S. 335, 345-50 (1980).

> An actual conflict of interest exists
> where counsel has responsibilities to other
> clients or personal concerns that are
> actively in opposition to the best interests
> of the defendant. An actual conflict may
> arise, for example, in the circumstance of
> counsel's representation of more than one
> defendant in connection with the same
> criminal charge, or where a defendant's
> counsel has a professional relationship with
> the prosecution.

-

<u>Moore v. Hinkle</u>, 259 Va. 479, 489, 527 S.E.2d 419, 424 (2000) (citations omitted).  Generally, personality differences between attorney and client do not constitute a conflict of interest cognizable in law.  <u>Hale v. Gibson</u>, 227 F.3d 1298, 1313 (10th Cir. 2000).  Similarly, disagreement with respect to motions or trial strategy "does not give rise to a conflict of interest between the defendant and his attorney."  <u>United States v. White</u>, 174 F.3d 290, 296 (2d Cir. 1999).  Significantly, "[t]he possibility of a conflict of interest does not necessarily impinge on a defendant's constitutional rights.  Rather, the defendant must show that an actual conflict of interest existed and the conflict prejudiced counsel's performance."  <u>United States v. Smith</u>, 113 F. Supp. 2d 879, 913-14 (E.D. Va. 1999) (citing <u>Cuyler</u>, 446 U.S. at 346).

Here, defendant has failed to demonstrate an actual conflict of interest between his counsel and himself.  Clearly, the record discloses no responsibilities of counsel to other clients or personal concerns that compromised defendant's best interests.  Moreover, the evidence does not evince a divergence of interests between defendant and his attorney with respect to a factual or legal issue or the performance of counsel that threatened defendant's cause.

To the contrary, the record reflects that, before tendering the <u>Alford</u> pleas of guilty at trial, defendant conferred with

-

his counsel on several occasions to discuss the pending charges, attendant trial and related issues.  Defendant assured the court that he was satisfied with the services of his attorney, was convinced the Commonwealth could prove the evidence as summarized, and concurred in the plea agreement.  He affirmed his decision to enter the Alford pleas freely and voluntarily, recited the maximum punishments for each offense and declared his understanding that the court was not bound by the terms of the agreement in fixing punishment.  As a result, the court accepted the pleas, expressly finding defendant acted "freely, voluntarily and intelligently."  Such circumstances manifested no conflict of interest by counsel in support of the motion to withdraw.

Similarly, defendant's testimony at the later hearing on the companion motion to withdraw the pleas, characterizing as coercive the advice of counsel that the plea agreement served defendant's best interests, evinces no conflict.  The "blunt rendering of an honest but negative assessment of [defendant's] chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea."  United States v. Juncal, 245 F.3d 166, 172 (2d Cir. 2001).

Defendant's final assertion that the trial court failed to properly inquire into the particulars of the motion to relieve

-

his counsel is also without merit.  The trial court, in denying the motion "at [the] point in time" of the related hearing, implicitly reserved the issue for further consideration at the forthcoming hearing on defendant's motion to withdraw the pleas. The record from the later hearing, including testimony of defendant relevant to both motions, fully developed the pertinent evidence and does not suggest that denial of the motion to relieve counsel had "clearly impacted" defendant's ability to effectively argue the motion to withdraw the pleas.

We, therefore, find neither an abuse of discretion by the trial court nor infringement upon defendant's constitutional guarantees resulted from a denial of the motion for withdrawal of counsel and affirm the convictions.

<u>Affirmed.</u>